UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION,
Not in its individual capacity but solely
AS TRUSTEE FOR THE RMAC TRUST,
SERIES 2016-CTT,

                Plaintiff,

   -against-

LAURENCE CHRISTIAN, individually and as
surviving joint tenant with rights of survivorship
of Thomas Christian, NEW YORK CITY
PARKING VIOLATIONS BUREAU, NEW
YORK CITY ENVIRONMENTAL CONTROL
BOARD,

                Defendants.
-----------------------------------------------------------X

REPORT AND
RECOMMENDATION

19 CV 427 (CBA)(RML)

LEVY, United States Magistrate Judge:

      By order dated January 9, 2020, the Honorable Carol Bagley Amon, United States District Judge, referred plaintiff's motion for a default judgment to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion be granted.

## BACKGROUND AND FACTS

      Plaintiff U.S. Bank National Association ("plaintiff"), a national banking association whose main office is in Cincinnati, Ohio, is a trustee empowered to hold, manage, and dispose of assets of the RMAC Trust, Series 2016-CTT, and prosecute legal actions on its behalf. (Complaint, dated Dec. 31, 2018 ("Compl."), Dkt. No. 1, ¶¶ 2-3.) It commenced this mortgage foreclosure action on January 22, 2019. The Clerk of Court noted the defaults of all defendants on June 7, 2019. (Clerk's Certificate of Default, Dkt. No. 11.)

According to the complaint, on or about September 17, 2004, defendant Laurence Christian ("Christian" or the "Borrower") executed and delivered a Note in the amount of $196,000, plus interest at the rate of 5.75 percent per annum, to Flagstar Bank FSB. (Id. ¶ 12; see also Note, annexed to Compl. as Ex. A ("Note"); Declaration of Stephen J. Vargas, Esq., dated Sept. 6, 2019 ("Vargas Decl."), Dkt. No. 15, ¶ 3.) As security for the payment of the Note, Christian executed and delivered a Mortgage, which was recorded in the City Register of the City of New York, Queens County, on October 28, 2004. (Compl. ¶ 13; Mortgage, annexed to the Vargas Decl. as part of Ex. B, Dkt. No. 15-2 ("Mortgage").) The Mortgage secured the premises at 100-12 222nd St. in Queens Village, New York (the "Property"). (Compl. ¶ 1; Mortgage.) On February 1, 2013, the Borrower stopped making payments due in accordance with the Note and Mortgage, and has not made any further payments to reduce the outstanding principal balance after the initial default. (Compl. ¶ 19.) The Note has undergone a chain of assignments, and on May 21, 2018, the Mortgage was assigned to plaintiff. (Id. ¶ 18; Assignments, annexed to Vargas Decl. as part of Ex. B.)

Plaintiff states that the principal balance due and owing on the Note and Mortgage is $170,154.74, with interest accruing at the rate of 5.75 percent per annum from January 1, 2013 to the date of judgment. (Compl. ¶ 20.) Because plaintiff has had to pay taxes, assessments, water charges, insurance premiums, and other charges "[i]n order to protect the value of the Property and its rights in the Property," plaintiff further requests that any such amounts paid, together with interest, be included in the judgment. (Id. ¶ 21.)

Plaintiff also seeks to reform the property description contained in the Mortgage and recorded on October 28, 2004, in order to correct an error. (Id. ¶¶ 25-27.) The recorded Mortgage accurately references the address of the Property encumbered by the Mortgage as 100-

2

12 222nd Street, Queens Village, N.Y. 11429.  (Id. ¶ 25.)  However, plaintiff alleges that the legal description in the recorded Mortgage "is erroneous because it states the incorrect course directions."  (Id. ¶ 26.)

Finally, plaintiff has also named as defendants the New York City Environmental Control Board (the "ECB") and the New York City Parking Violations Bureau (the "PVB") (together, the "NYC defendants").  Both allegedly hold liens on the Property that are subject and subordinate to plaintiff's Mortgage.  (See id. ¶¶ 6-7.)

## DISCUSSION

A.  Standing

Since plaintiff is not an original party to the Note, I will first address plaintiff's standing to bring this foreclosure action.  See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, 433 F.3d 181, 198 (2d Cir. 2005) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised sua sponte.").  "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'"  E. Sav. Bank, FSB v. Thompson, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting Wells Fargo Bank, N.A. v. Rooney, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)).  "Either a written assignment of the underlying note or the physical delivery of the note prior to commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident."  Id. (quoting U.S. Bank, N.A. v. Collymore, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)) (alteration omitted).  "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a

3

special indorsement payable to the order of the plaintiff." Id. (quoting Wells Fargo Bank, NA v. Ostiguy, 8 N.Y.S.3d 669, 671 (3d Dep't 2015)).

Here, plaintiff alleges, and submits documentation to establish, that it has been in possession of and has owned the Note and Mortgage since May 21, 2018. (See Compl. ¶ 18; Vargas Decl. ¶¶ 3-5, Ex. B.) Plaintiff has provided copies of the Note and Mortgage as well as a series of assignments that resulted in the assignment to plaintiff. Since plaintiff has submitted uncontroverted evidence that it held the Note and Mortgage when this action was commenced, it has standing to bring this action. See JXB 84 LLC v. Khalil, 15 CV 6251, 2017 WL 1184001, at *3 (E.D.N.Y. Feb. 17, 2017), report and recommendation adopted, 2017 WL 1184141 (E.D.N.Y. Mar. 29, 2017).

    B. Pre-Foreclosure Procedures

Section 1304(1) of the New York Real Property Actions and Proceedings Law ("RPAPL") requires that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." N.Y. REAL PROP. ACTS. LAW § 1304(1). Section 1304(2) specifies that this notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." Id. § 1304(2).

"Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." CIT Bank N.A. v. Schiffman, — F.3d —, 2020 WL 425049, at *2 (2d Cir. Jan. 28, 2020) (quoting Deutsche Bank Nat'l Tr. Co. v. Spanos,

4

961 N.Y.S.2d 200, 202 (2d Dep't 2013)).  Compliance with § 1304 can be "established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure."  Citibank, N.A. v. Conti-Scheurer, 98 N.Y.S.3d 273, 277 (2d Dep't 2019).

The court must determine whether a plaintiff has complied with RPAPL § 1304, even on a default judgment motion (see, e.g., Nationstar Mortg. LLC v. Nedza, 315 F. Supp. 3d 707, 710 (W.D.N.Y. 2018)), because failure to comply with § 1304 is a sufficient basis to deny foreclosure relief, CIT Bank, N.A. v. Donnatin, No. 17 CV 2167, 2020 WL 248996, at *3–4 (E.D.N.Y. Jan. 16, 2020).  Accord Wilmington Sav. Fund Soc'y, FSB v. White, No. 17 CV 2288, 2019 WL 4014842, at *4 (E.D.N.Y. May 28, 2019) ("Both state and federal courts in New York, however, have found that proper service of a RPAPL § 1304 notice on the borrower is a condition precedent to the commencement of a foreclosure action and plaintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304.  Plaintiff cannot satisfy its burden with conclusory statements of compliance with RPAPL's requirements." (quotations and citations omitted)).

In addition, RPAPL § 1306 requires that certain information be filed with the superintendent of financial services.  Section 1306(1) provides, as a precondition of a foreclosure action, that a plaintiff file "the information required by [§ 1306(2)]" within three business days of mailing a § 1304 notice.  N.Y. REAL PROP. ACTS. LAW § 1306(1).  Section 1306(2), in turn, requires that "[e]ach filing delivered to the superintendent shall be on such form as the superintendent shall prescribe, and shall include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage,

5

and such other information as will enable the superintendent to ascertain the type of loan at issue." Id. § 1306(2).

Plaintiff has submitted the Affidavit of Brandon Kirkham, Vice President of Rushmore Loan Management Services LLC, plaintiff's mortgage loan servicer and Appointed Attorney in Fact. (See Affidavit of Brandon Kirkham, sworn to Sept. 4, 2019 ("Kirkham Aff."), Dkt. No. 15-6, ¶ 1.) Mr. Kirkham states that, in compliance with RPAPL § 1304, a ninety-day pre-foreclosure notice was sent to Laurence Christian on August 14, 2018 via first class and certified mail at both the Property and his last known address. (Id. ¶ 6.) Copies of those mailings and a certified mailing receipt are attached to the affidavit. (See Exhibits to Kirkham Aff.) In addition, Mr. Kirkham states that on August 16, 2018, Rushmore Loan Management Services LLC electronically filed notice with the Superintendent of Financial Services, as required by RPAPL § 1306(2). (Id. ¶ 7.) Proof of that filing is attached to Mr. Kirkham's affidavit. (See Dkt. No. 15-6 at 104.) I therefore find that plaintiff has demonstrated compliance with the RPAPL's pre-foreclosure requirements.

C. Default Judgment

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. See FED. R. CIV. P. 55; Priestly v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011)(per curiam). First, the moving party must obtain a certificate of default from the Clerk of the Court. See FED. R. CIV. P. 55(a). Once the certificate of default is issued, the moving party may move for entry of a default judgment. See id. Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also FED. R. CIV. P. 8(b)(6) ("An

6

allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). However, "[it] is well established that a party is not entitled to default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." Allstate Ins. Co. v. Howell, No. 09 CV 4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Ferrara v. Tire Shop Ctr., No. 14 CV 4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015), report and recommendation adopted, 2015 WL 3604078 (E.D.N.Y. June 5, 2015). Accordingly, the court must determine whether the plaintiff's allegations establish liability as a matter of law. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law.") (internal quotation marks omitted).

If liability is established, the court must ascertain damages with "reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). An evidentiary hearing is not required so long as there is a basis, by detailed affidavits and other documentary evidence, for the relief awarded. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997); Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991).

1. <u>Defendant Laurence Christian</u>

Under New York law, a plaintiff seeking to foreclose on a mortgage must demonstrate "the existence of the mortgage, ownership of the mortgage, and the defendant's default in payment on the loan [secured by the mortgage]." <u>OneWest Bank, N.A. v. Hawkins</u>, No. 14 CV 4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015) (citing <u>Campaign v. Barba</u>, 805 N.Y.S.2d 86 (2d Dep't 2005)), <u>report and recommendation adopted</u>, 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015).  Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a prima facie entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence.  <u>See</u> <u>BH99 Realty, LLC v. Qian Wen Li</u>, No. 10 CV 693, 2011 WL 1841530, at *3 (E.D.N.Y. Mar. 16, 2011), <u>report and recommendation adopted</u>, 2011 WL 1838568 (E.D.N.Y. May 13, 2011); <u>see also</u> <u>United States v. Watts</u>, No. 13 CV 3211, 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor."), <u>report and recommendation adopted</u>, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014).

Here, the allegations in the complaint, as well as the evidence submitted in support of plaintiff's motion, establish that plaintiff is entitled to a default judgment against Christian.  Plaintiff has produced copies of the Note and Mortgage, thereby establishing the Borrower's obligations arising thereunder.  (<u>See</u> Note; Mortgage.)  Plaintiff has also established that Christian defaulted on February 1, 2013, failed to cure the default despite plaintiff's proper demands, and as of June 30, 2019 owed plaintiff $170,154.74 for the unpaid principal balance due on the Note.  (<u>See</u> Vargas Decl., Statement of Damages, Dkt. No. 15-7; Kirkham Aff. ¶¶ 5,

8

9.) Plaintiff properly served the summons and complaint on Christian. (See Affidavit of Service of Edward Christmas, sworn to May 9, 2019, and Affidavit of Mailing of Ross Kennedy, sworn to May 7, 2019, Dkt. No. 9.) Because he has not answered the complaint or opposed the instant motion, he has failed to rebut plaintiff's prima facie showing that it is entitled to default judgment. Accordingly, I respectfully recommend that plaintiff's motion for default judgment be granted with respect to Christian.

        2. The NYC Defendants

Section 1311 of the RPAPL provides that the necessary parties to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." N.Y. REAL PROP. ACTS. LAW § 1311(3). "This rule 'derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" Bank of Am., N.A. v. 3301 Atl., LLC, No. 10 CV 5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting NC Venture I, L.P. v. Complete Analysis, Inc., 803 N.Y.S.2d 95, 97-98 (2d Dep't 2005)). Default judgment is appropriate against such a defendant where the complaint alleges "nominal liability," i.e., that any judgments or liens a defendant may have against the property are subject and subordinate to the plaintiff's lien. See E. Sav. Bank, FSB v. Rabito, No. 11 CV 2501, 2014 WL 4804872, at *7 (E.D.N.Y. Sept. 10, 2014), report and recommendation adopted, 2014 WL 4804901 (E.D.N.Y. Sept. 26, 2014); 3301 Atl., 2012 WL 2529196, at *14; Christiana Bank & Tr. Co. v. Dalton, No. 06 CV 3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009).

Here, plaintiff named as defendants the ECB and PVB. (See Compl.) Plaintiff properly served the summons and complaint on each NYC defendant (see Affidavits of Service

9

of Melvin Rolfe, sworn to Feb. 25, 2019, Dkt. Nos. 6, 7), and neither of those defendants has answered or moved with respect to the complaint. (See Clerk's Entry of Default, Dkt. No. 11.) The complaint alleges that each of the NYC defendants holds a lien "encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage." (Compl. ¶¶ 6-7.) Attached to the complaint are print-outs of judgment dockets from the New York City Office of Administrative Trials and Hearings and the PVB. (See Compl., Ex. D.) However, the attached documents do not establish that either ECB or PVB holds a lien against the Property.[1]

"Where a city or any department, bureau, board, commission, officer, agency or instrumentality thereof is a defendant in an action affecting real property," the complaint must allege "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." N.Y. REAL PROP. ACTS. LAW § 202-a(1). "If the lien exists by virtue of a judgment" the complaint must include "the name of the court, date recorded, clerk's office in which filed, the names of the parties against whom and in whose favor such judgment was recovered and a brief description of the grounds for or the nature of such judgment." Id. § 202-a(2); see also Gustavia Home, LLC v. Lawrence, No. 16 CV 4010, 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017) ("Under New York law, however, where a city agency is named as a defendant, heightened pleading requirements apply. . . ."), report and recommendation adopted, 2017 WL 4402448 (E.D.N.Y. Oct. 2, 2017). Courts in this circuit have held that boilerplate allegations that an agency is a necessary party defendant due to liens or judgments against the premises are inadequate as a matter of law to establish liability against a

---

[1] The first page of the exhibit lists two judgments against a "Laurence, Christian" at 92 Bradford Street in Brooklyn, which was satisfied on November 15, 2018. The second page lists a PVB judgment against a list of individuals with the last name Christian, none of whom has the first name Laurence. (See Compl., Ex. D.)

city agency in a foreclosure action.  See Courchevel 1850 LLC v. Rodriguez, No. 17 CV 6311, 2019 WL 2233828, at *8 (E.D.N.Y. May 22, 2019) (citing cases).

Accordingly, I respectfully recommend that plaintiff's motion for a default judgment be denied without prejudice as to the NYC Defendants.  Their interest in the Property, if any, will not be extinguished following a foreclosure and sale.  See Lawrence, 2017 WL 4404434, at *4 ("[D]enying plaintiff's motion for default judgments against the ECB and PVB will not defeat plaintiff's rights with respect to . . . the mortgagor defendant; rather, the failure to obtain default judgments against the ECB and PVB 'simply leaves [their] rights unaffected by the judgment of foreclosure and sale.'" (quoting Glass v. Estate of Gold, 853 N.Y.S.2d 159, 159 (2d Dep't 2008)).

> D. Relief
>
> 1. Judgment of Foreclosure and Sale and Appointment of Referee

Plaintiff seeks a judgment of foreclosure and sale and appointment of a referee.  A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation."  1st Bridge LLC v. 682 Jamaica Avenue, LLC, No. 08 CV 3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010), report and recommendation adopted, 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010); see also OneWest Bank N.A. v. Cole, No. 14 CV 3078, 2015 WL 4429014, at *1 (authorizing foreclosure and sale of property upon entry of default judgment).  Further, courts routinely appoint referees to effectuate the sale of foreclosed properties.  See, e.g., PMP Tech. Servs., LLC v. Mazoureix, No. 14 CV 4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015) (awarding a judgment of foreclosure and sale under the supervision of a referee); E. Sav. Bank, FSB v. Evancie, No. 13 CV 878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014) (same).

Having determined that plaintiff has established its presumptive right to foreclose upon the Property due to Christian's default, I respectfully recommend appointing a referee to effectuate the foreclosure and sale of the property. Plaintiff should be directed to propose the names of three referees to the court, along with a brief description of their qualifications.[2] See Miss Jones, LLC v. Arcello, 17 CV 895, 2018 WL 1525800, at *6 (E.D.N.Y. Mar. 2, 2018), report and recommendation adopted, 2018 WL 1525664 (E.D.N.Y. Mar. 28, 2018). I further recommend that the proceeds of the sale be applied to the total amount owed on the Note, as set forth below. See OneWest Bank, N.A. v. Denham, No. 14 CV 5529, 2015 WL 5562980, at *14 (E.D.N.Y. Sept. 21, 2015)(recommending that the relevant property be foreclosed upon and sold with the proceeds being applied to the outstanding amount owed on the note), report and recommendation adopted, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015).

2. Damages

Once liability is established, the court must ascertain damages with "reasonable certainty." Hosking v. New World Mortg., Inc., 570 F. App'x 28, 31 (2d Cir. 2014). To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." Greyhound Exhibitgroup, 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. See Ace Shipping Corp., 109 F.3d at 111.

---

[2] In its Proposed Default Judgment of Foreclosure and Sale, plaintiff requests that Stephanie S. Goldstone, Esq. be appointed referee to effectuate the sale of the Property. (See Proposed Default Judgment, Dkt. No. 15-8.) However, plaintiff has not provided a description of Ms. Goldstone's qualifications, and I therefore cannot make a recommendation with respect to the referee.

Plaintiff requests $270,949.40 in damages, plus additional interest accrued after June 30, 2019. (See Statement of Damages, Dkt. No. 15-7.) Damages alleged include: (i) the unpaid principal balance of $170,154.74; (ii) $63,556.99 in interest from January 1, 2013 to June 30, 2019 at a rate of 5.75 percent per year, along with interest at the same rate until judgment is entered [3]; (iii) pre-acceleration late charges of $457.60; (iv) disbursements for hazard insurance of $11,352.80; (v) disbursements for taxes of $22,533.85; and (vi) disbursements for property inspections and preservation of $2,893.42. (See id.) Plaintiff also requests costs totaling $1,195.94, which includes the $400 case filing fee and charges for service of process. (See id. at 2; Exhibits to Statement of Damages.) Plaintiff is entitled to recovery of fees and costs under the terms of the Mortgage. (See Mortgage § 22 at 9.)

Plaintiff has provided an affidavit of a person with personal knowledge setting forth when the default occurred and the amount of damages due under the Note and Mortgage. (See Kirkham Aff. ¶¶ 5, 9.) This is sufficient to establish the amounts due and owing. E. Sav. Bank, FSB v. Beach, No. 13 CV 341, 2014 WL 923151, at *9 (E.D.N.Y. Mar. 10, 2014) (affidavit of senior asset manager, compiled after examination of records kept in the regular course of business, was acceptable proof of amounts due on note and mortgage). I therefore recommend that plaintiff be awarded $270,949.40.

I also recommend awarding post-judgment interest, to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. See 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity

---

[3] Applying the Note's 5.75 percent annual interest rate to the $170,154.74 outstanding principal balance, interest accrues at a rate of $26.81 per day.

Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); see also Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute); Builders Bank v. N. Funding, LLC, No. 08 CV 3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

### 3. Reformation of the Legal Description of the Property

Plaintiff also seeks to reform the Mortgage to correct an erroneous property description in the Mortgage recorded on October 28, 2004 in CRFN 2004000669468 in the City Register of the City of New York, Queens County. (Compl. ¶ 27.) Reformation of a contract is an equitable remedy that "allows courts to align erroneous legal instruments with the executing parties' intent by transposing, rejecting, or supplying terms to correct or clarify the document." Denham, 2015 WL 5562980, at *6 (internal quotation marks and citations omitted). Mistakes made in the description, quantity, or condition of land may provide a basis for deed reformation. Hadley v. Clabeau, 532 N.Y.S.2d 221, 225 (N.Y. Sup. Ct. 1988) ("It is a well-accepted principle of law that an instrument may be reformed for a mutual mistake of fact. The general principle of law has been held to be particularly applicable to the reformation of a deed.") (citation omitted). See also SDF9 COBK LLC v. AF & NR LLC, No. 12 CV 3078, 2014 WL 4244296, at *1-2 (E.D.N.Y. Aug. 20, 2014) (granting plaintiff's motion to reform the mortgage to correct an erroneous property description arising out of a mutual mistake). Plaintiff asks that the description be changed to:

> ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

Fourth Ward, Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the Westerly side of 222nd Street with the Northerly side of 100th Drive;

RUNNING THENCE Northeasterly[4] along the Westerly side of 222nd Street, 116.45 feet to an angle point in the Westerly side of 222nd Street;

THENCE Northerly[5] along the Southwesterly side of 222nd Street 57.89 feet;

THENCE Southwesterly at right angles to the Southwesterly side of 222nd Street, 59.56 feet;

THENCE Southerly along a line forming an interior angle of 118 degrees 34 minutes 17 seconds with the last mentioned course 35.51 feet to the Northerly side of Lot 347 Block 11 on amended map of Number 2 of Queens Court filed in the Registers Office of Queens County on May 29, 1907 as Map Number 884;

THENCE Easterly along a line forming an interior angle of 90 degrees 51 minutes 33 seconds with the last mentioned course and

---

[4] In the original Mortgage, this word is "Northerly" instead of "Northeasterly." (See Mortgage, Dkt. No. 15-2, at 4.)

[5] In the original Mortgage, this word is "Northwesterly" instead of "Northerly." (See Mortgage, Dkt. No. 15-2, at 4.)

>along the Northerly line[6] of Lots 347 and 348 Block 11 on said map 40.004 feet;
>
>THENCE Southerly at right angles to the Northerly side of 100th Drive 102.70 feet to the Northerly side of 100th Drive;
>
>THENCE Easterly along the Northerly side of 100th Drive 40 feet to the point or place of BEGINNING.
>
>EXCEPTING AND RESERVING those lands as conveyed by Deed from Laurence Christian to Anata Inc. dated February 8, 2017 and recorded June 5, 2017 in CRFN 2017000208372.[7]

(Compl. ¶ 27.)  Here, it is clear that the property description in the original Mortgage is inaccurate.  (See Pl.'s Memorandum of Law, dated Sept. 6, 2019, Dkt. No. 14, at 7-8.)  I therefore recommend that the request be granted.

The complaint also alleges that, "[t]hrough inadvertence and mistake, the Assignment of Mortgage recorded on August 17, 2011 in CRFN 2011000289893 in the City Register of the City of New York, Queens County was indexed against Lot 38 and 57."  (Compl. ¶ 29.)  However, that Assignment of Mortgage "should have been indexed against Lot 57."  (Id.)  Plaintiff therefore "requests that the City Register of the City of New York, Queens County index the Assignment of Mortgage recorded on August 17, 2011 in CRFN 2011000289893 in the City Register of the City of New York, Queens County against Block 10781, Lot 57."  (Id. ¶ 30.)  I also recommend that this request be granted.

---

[6] In the original Mortgage, this word is "lien" instead of "line."  (See Mortgage, Dkt. No. 15-2 at 4.)

[7] This paragraph is not in the original Mortgage, since the conveyance occurred in 2017.

16

## CONCLUSION

For the reasons explained above, I respectfully recommend that plaintiff's motion for default judgment be granted and that plaintiff be awarded: (1) $170,154.74 for the unpaid principal balance due under the Note; (2) $63,556.99 in unpaid interest from January 1, 2013 to June 30, 2019; (3) $36,780.07 for disbursements for taxes, insurance, inspections, and preservation; (4) pre-acceleration late charges of $457.60; (5) per diem pre-judgment interest in the amount of $26.81 per day from July 1, 2019 until judgment is entered; (6) post-judgment interest pursuant to 28 U.S.C. § 1961(a); and (7) $1,195.94 in costs. I further recommend that the court enter a judgment of foreclosure and sale, and that a referee be appointed to effectuate the sale. In addition, I recommend that the legal description of the Property be reformed in the recorded Mortgage, and that the Assignment of Mortgage recorded on August 17, 2011 be corrected, as described above. Finally, I respectfully recommend that plaintiff's motion for a default judgment be denied without prejudice as to the NYC Defendants.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Amon and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d). Plaintiff is directed to serve copies of this Report and Recommendation on the defaulting defendants by regular mail, and to file proof of service within ten days of the date of this Report and Recommendation.

Respectfully submitted,

/s/
ROBERT M. LEVY
Unites States Magistrate Judge

Dated: Brooklyn, New York
February 25, 2020