UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION,
Not in its individual capacity but solely AS
TRUSTEE FOR THE RMAC TRUST,
SERIES 2016-CTT

                Plaintiff,

  -against-

LAURENCE CHRISTIAN, individually and as
surviving joint tenant with rights of
survivorship of Thomas Christian, NEW
YORK CITY PARKING VIOLATIONS
BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD

                Defendants.
---------------------------------------------------------x

NOT FOR PUBLICATION
**ORDER**
19-CV-00427 (CBA) (RML)

**AMON, United States District Judge:**

On January 22, 2019, Plaintiff U.S. Bank National Association, not in its individual capacity but solely as Trustee of RMAC Trust, Series 2016-CTT, commenced this action against Laurence Christian, individually and as surviving joint tenant with rights of survivorship of Thomas Christian, ("Christian") to foreclose a mortgage (the "Mortgage") assigned to Plaintiff and encumbering 100-12 222nd Street, Queens Village, NY 11429 (the "Property"). (See generally ECF Docket Entry ("D.E.") # 1.) Plaintiff seeks the principal balance due and owing on the note and Mortgage, as well as taxes, assessments, water charges, insurance premiums, and other charges Plaintiff paid "to protect the value of the Property and its rights in the Property," plus interest. (Id. ¶¶ 20–21.) Plaintiff seeks to reform the property description in the mortgage in order to correct an error in the legal description, which states the incorrect course directions. (Id. ¶¶ 25–27.) Plaintiff also named as Defendants the New York City Environmental Control Board (the "ECB") and the

1

New York City Parking Violations Bureau (the "PVB"), (collectively, the "NYC Defendants"), because both allegedly hold liens on the Property that are subject to and subordinate to Plaintiff's Mortgage. (Id. ¶¶ 6–7.)

On June 7, 2019, the Clerk of Court noted the defaults of all Defendants. (D.E. # 11.) On September 9, 2019, U.S. Bank National Association moved for a default judgment of foreclosure and sale. (D.E. # 13.) This Court referred Plaintiff's motion for default judgment to the Honorable Robert M. Levy, United States Magistrate Judge, for report and recommendation ("R&R"). (D.E. dated January 9, 2020.) Magistrate Judge Levy submitted an R&R recommending that this Court grant U.S. Bank National Association's motion for default judgment. (D.E. # 17.)

No party has objected to the R&R, and the time for doing so has passed.[1] When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). The Court has reviewed the record and, finding no clear error, adopts the well-reasoned R&R.

U.S. Bank National Association's motion for default judgment is granted, and U.S. Bank National is awarded: (1) $170,154.74 for the unpaid principal balance due under the Note; (2) $63,556.99 in unpaid interest from January 1, 2013 to June 30, 2019; (3) $36,780.07 for disbursements for taxes, insurance, inspections, and preservation; (4) pre-acceleration late charges

---

[1] Although Magistrate Judge Levy submitted the R&R on February 25, 2019, Plaintiff did not file proof of service stating that the defaulting Defendants were served with a copy of the R&R until April 7, 2020. (D.E. # 18.) Despite Plaintiff's untimely service, the fourteen days for objections to the R&R have expired. See 28 U.S.C. § 636(b)(1)(C).

of $457.60; (5) per diem pre-judgment interest in the amount of $26.82 per day from July 1, 2019 until judgment is entered; (6) post-judgment interest pursuant to 28 U.S.C. § 1961(a); and (7) $1,195.94 in costs.  The Court further enters a judgment of foreclosure and sale and will appoint a referee to effectuate the sale, upon Plaintiff's submission of three candidates, accompanied by a brief description of their qualifications.  The Court also orders that the legal description of the Property be reformed in the recorded Mortgage, and that the Assignment of Mortgage recorded on August 17, 2011 be corrected, as described in the R&R.  Lastly, Plaintiff's motion for default judgment is denied without prejudice as to the NYC Defendants.

      SO ORDERED.

Dated: July 10, 2020
      Brooklyn, New York                                   /s/ Carol Bagley Amon
                                                               Carol Bagley Amon
                                                               United States District Judge